Dohoney, J.
This case once again presents the quagmire of Appellate Division procedure under Dist./Mun. Cts. R. Civ. P., Rule 64.
From the report, we learn that the trial was completed on September 7, 1990, and that the defendant filed requests for rulings of law on that day. The trial justice filed his findings of fact and action on defendant’s requests for rulings of law on November 23, 1990, and judgment entered on that day. On November 26, 1990, the defendant filed a motion for a new trial.
The docket thereafter contains the following entry:
2-6-91 motion denied after hearing by John C. Geenty, Justice on 1-25-91. Notices sent to att. Original draft report sent to Geenty, J., Dudley District Court.
The draft report was received by Judge Geenty in the Dudley Division but no copy was ever located in the case file.
A subsequent revised draft report was forwarded to Judge Geenty. Thereafter, without a hearing, Judge Geenty dismissed both the draft report and the revised draft report for failure to comply with Dist./Mun. Rules of Civil Procedure, Rule 64 (c) (1) (ii), saying:
Specifically, the failure is in regard to Rules 64 (c) (1) (ii). Parties requesting report shall file drafts within 10 days after entry of judgment. In this case, the appealing party failed to file and have properly docketed either its draft report or “revised draft report”.
FILING OF DRAFT REPORT
The obligation of a party filing a draft report is set forth in Dist./Mun. Cts. R. Civ. P. Rule 64 (c) (1) (ii) and 64 (c) (3). The party is to file the draft report within ten days of entry of judgment and to deliver or mail a copy to the trial justice at the court where the case was heard.
Although it is somewhat difficult to ascertain, it appears from the docket entry that an original was filed in the court and that the original was sent to the trial justice at another Division. We can conclude that the defendant did not direct a copy to the Court for the trial justice.
This failure is not necessarily fatal. In Cape Cod Bank & Trust Co. v. LeTendre, 384 Mass.481 (1981), the Supreme Judicial Court determined that the failure to followthe provisions of Rule 64 are not jurisdictional and the failure to furnish the trial justice or opposing counsel with a copy of the draft report did not mandate dismissal. The Court felt that the test should be how far the failure interfered with the purposes of the Rule and the extent of prejudice to the other side. The Court felt that the matter was within the discretion of the trial justice. See also PERLIN & CONNORS, HANDBOOK OF *238 CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURT. (Second Edition 1990), Section 12.14 and footnote, 57.
In our case, it is not clear whether the trial justice made his ruing on the basis of a mandated dismissal or a matter of discretion. However, in either event, it does not appear that dismissal was warranted. Here the purpose of providing a copy to the trial justice was met because the Clerk-Magistrate forwarded the original to him.
TIMELINESS OF FILING OF THE DRAFT REPORT
The docket reflects that judgment was entered on November 23, 1990. The defendantfiled amotion for a new trial on November 26, 1990. The trial justice denied the motion on February 6, 1991. The docket then reflects that that original draft report was sent to the trial justice on that day. While the docket does not reflect actual entry of the filing of the draft report, it is clear that it was in possession of the Clerk-Magistrate. Dist./Mun. Cts. Rules of Civil Procedure, Rule 77 (b) provides that “Any paper so received, whether stamped or not, shall be deemed to have been filed as of the date of receipt.” Thus, the draft report was filed.
Generally, the draft report must be filed within ten days of entry of judgment. Dist./ Mun. Cts. R. Civ. P., Rule 64 (c) (1) (ii). However, the filing of motion for new trial tolls the time for filing the draft report. Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (1) (iii) provides that
The running of the time for filing a request for report and for filing a draft report shall be terminated... and the full time for filing requests for reports and for filing draft reports shall commence to run and shall be computed from the entry of any of the following orders... (3) denying a motion for a new trial under Rule 59.
See also PERLIN & CONNORS, supra, Section 12.11.
Thus the dismissal of the draft report is vacated and the matter is remanded to the trial justice for action relative to the establishment of the draft report.